**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JANET COOKMEYER**                                                              **PLAINTIFF**

**VERSUS**                                       **CIVIL ACTION NO. 2:08cv17KS-MTP**

**THE PANTRY, INC.; AND**
**JOHN DOES 1- 4**                                                            **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on Motion to Dismiss **[#2]** filed on behalf of the

defendants.  The court, having reviewed the motion, the response, the briefs of

counsel, the authorities cited, the pleadings and exhibits on file and being otherwise

fully advised in the premises finds that the motion is well taken and should be granted.

The court specifically finds as follows:

**FACTUAL BACKGROUND**

The plaintiff instituted this action on September 14, 2007, by filing her Complaint

against The Pantry in the Circuit Court of Forrest County, Mississippi.  The Pantry was

served with process on December 28, 2007.  The defendant, timely removed the action

to this court on January 16, 2008, pursuant to 28 U.S.C. § 1441 and § 1446 asserting

diversity jurisdiction under 28 U.S.C. § 1332.  The court thus has jurisdiction of the

subject matter and the parties.  Further, Mississippi law is controlling on all substantive

issues.  *Erie R. Co. V. Tompkins*, 304 U.S. 64, 78-80 (1934); *Huss v. Gayden*, 465 F.3d

201, 205-06 (5th Cir. 2006).

The plaintiff's Complaint seeks damages from The Pantry due to a motor vehicle collision which allegedly occurred on or about September 15, 2004, while the plaintiff was employed by The Pantry at its store located in south Forrest County, Mississippi. On the date of her injury, the plaintiff alleges Hurricane Ivan had entered the Gulf of Mexico and was expected to make landfall.  As a result of the expected inclement weather, the plaintiff alleges a curfew was imposed by local officials, requiring non-essential businesses closed by 6:00 p.m.

The plaintiff's alleges that the defendant was informed of the curfew but required her to remain at work until "much later."  Once the plaintiff left the store, she alleges darkness had fallen and that she was required to make a bank deposit of store funds of sales for that day.  After making the bank deposit and while in transit to her home, the plaintiff states that she drove her vehicle into a fallen tree, allegedly sustaining personal injuries and property damages.  As a result of her alleged injuries, the plaintiff seeks damages from The Pantry, her employer, for negligence and gross negligence.

The plaintiff asserts that the defendant is liable to her for negligence by failing to honor the curfew and, thereby "subjecting the plaintiff to an increased risk of danger of injury."  She further claims the defendant acted negligently by failing to have in place a policy for the protection of employees during inclement weather and by failing to maintain a proper lookout for her safety.  The plaintiff also alleges that the defendant acted with gross negligence, sufficient to subject it to punitive damages.

The defendant argues that the allegations of the Compliant indicate that the plaintiff was injured in the course and scope of her employment with The Pantry, thus vesting exclusive jurisdiction for her claim with the Mississippi Workers' Compensation Commission pursuant to Miss. Code Ann. § 71-3-9.  Thus, the defendant has filed the

present motion to dismiss.

## STANDARD OF REVIEW

A Rules 12(b)(1) motion attacks the court's jurisdiction to hear and to decide any issues in the case and therefore the court must address that at any time during the pendency of the litigation that is asserted or even indeed upon its own motion. *See Williamson v. Tucker*, 645 F. 2d 404 (5th Cir. 1981). It is well settled that on a 12(b)(1) motion the court may go outside the pleadings and consider additional facts, whether contested or not and may even resolve issues of contested facts.

If, however, the court limits its review to the face of the pleadings, the safeguards under Rule 12(b)(6) apply. Dismissal pursuant to Rule 12(b)(6) is appropriate if a party fails to state a claim under which relief can be granted. The allegation that the complaint must be accepted is true when the court considers whether the plaintiff has stated a cause of action. *See Cramer v. Skinner*, 931 F. 2d 1020 (5th Cir. 1991)(*cert. denied*, 60 U.S.L.W. 3057, 112 S. Ct. 298, 116 L. Ed. 2d 242 (1991)). Only the complaint and allegations contained therein are to be considered in reaching a decision on a defendant's Rule 12(b)(6) motion to dismiss.

The complaint should not be dismissed unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of his or her claims which would entitle him or her to relief. While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, _____ U.S. _____ , _____ , 127 S.Ct. 1955, 1964-65,

3

167 L.Ed.2d 929, 940 (2007)(other citations omitted).

As previously stated, if the court considers external matters to the pleadings the allegations of the complaint need not be taken as true.  If the factual matters considered outside the pleadings are undisputed, the court need not make specific factual findings for the record.  Conversely, if the court is called upon to make factual determinations to support its order, they should be stated specifically.  *See, Williamson v. Tucker, supra*.


## **EXCLUSIVE REMEDY**

Mississippi statutory law entitles an employee injured while in the course and scope of her employment to receive workers' compensation benefits, but prohibits that employee from maintaining an action in common law against her employer for all but intentional acts.  Mississippi case law is clear that when an employee is injured while in the course and scope of her employment, the sole and exclusive remedy of the employee against the employer is that provided for by the Mississippi Workers' Compensation Act.  *Sawyer v. Dependence of Head*, 510 So.2d 472, 478 (Miss. 1978); *see also Brown v. Estess*, 374 So.2d 241, 242-43 (Miss. 1979).

The exclusivity provision of the Mississippi Worker's Compensation Act, Miss. Code Ann. § 71-3-9 (2007), provides:

> The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employer, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages in common law or otherwise from such employer on account of such injury or death . . . .

Under this provision, an employee is not entitled to both workers' compensation benefits and common law damages.  *Stevens v. FMC Corp.*, 515 So.2d 928, 932 (Miss.

1987).  Further, the Mississippi Supreme Court has repeatedly held that allegations of

"gross negligence" by an employer do not suffice to allow a plaintiff to avoid the effects

of the exclusive remedy doctrine.  According to Dunn, *Mississippi Workmen's*

*Compensation* § 22:

> An act of "gross negligence" which produces an injury in the course of
> employment is not a willful tort within the exception which allows a suit of
> common law. Since such an injury is nevertheless compensable, the Act
> provides the exclusive remedy and the employer is not deprived of
> immunity from actions and torts simply by reason of gross neglect of the
> safety of the employee.  Allegations of gross negligence simply cannot
> rise to the level of intentional tort so as to allow plaintiff to avoid the
> exclusive remedy provision of the Workers' Compensation Act.

*Mullins v. Biglane Operating Co.*, 778 F.2d. 277, 279 (5th Cir. 1985).

In this case, the plaintiff's Complaint alleges that as an employee of The Pantry

on the date of her injury, she was required to remain at work past a local curfew,

thereby "subjecting the plaintiff to an increased risk of danger . . . ."  Thus, according to

the plaintiff's allegations, due to her compliance with The Pantry's directives, she stayed

at work past the curfew, left to make a night deposit and was then injured on her way

home.

The plaintiff argues that this accident falls within the general rule as applied by

the Mississippi Workers' Compensation Commission and upheld by the Court of Appeal

and Supreme Court of the State of Mississippi regarding an employee going to and

return from work.  That general rule provides that "hazards encountered by employees

as they are going to or returning from their regular place of work and off the employer's

premises are not incident to employment and accidents arising therefrom are not

compensable."  *See Stepney v. Ingalls Shipbuilding Div.,* 416 So2d. 963, 964, (Miss.

1982)(citing *Miller Transporters v. Seay's Dependents*, 350.So2d 689, (Miss. 1977)).

5

The plaintiff correctly points out that with regard to this general rule, the Mississippi Supreme Court has established some exceptions to this so-called "going and coming" rule as recognized in *Stepney*, *Id.* at 964 (citing *Wallace v. Copiah County Lumber Co.*, 223 Miss. 90, 99, 77 So2d 316, 318 (1955)).  Those general exceptions are:

> (1) where the employer furnishes the means of transportation, or remunerates thee employee; or (2) where the employee performs some duty in connection with his employment at home; or (3) where the employee is injured by some hazard or danger which is inherent in the conditions along the route necessarily used by the employee; or (4) where the employer furnishes a hazardous route; or (5) where the injury results from a hazardous parking lot furnished by the employer; or (6) where the place of injury, although owned by one other than the employer, is in such close proximity to the premises owned by the employer as to be, in effect, a part of such premises.

The plaintiff asserts that her accident does not fall within any of the recognized exception to the general rule that would make her accident and injuries compensable under the Workers' Compensation Act as within the course and scope of her employment with the defendant.

However, the very premise of Cookmeyer's claim is that her injuries, sustained when she drove her car into a fallen tree, occurred because The Pantry "subject[ed] [her] to an increased risk of danger of injury" by requiring her to remain at work after a curfew was imposed and then brave a hazardous storm to make a night deposit before returning home.  Thus, the crux of Cookmeyer's lawsuit is alleged liability based upon an employment decision by The Pantry to have its store remain open during the approaching storm, that, according to the plaintiff "was the proximate cause of the aforesaid accident and the resulting injuries to the plaintiff . . ."  As stated, the plaintiff's allegations are taken as true for purposes of the instant motion.

As correctly stated by the defendant, the primary inquiry is whether the plaintiff's Complaint alleges facts that, if true, categorize her injury as arising out of and occurring within the course and scope of her employment.  The defendant argues that the test, as enunciated by both Mississippi workers' compensation law and the Fifth Circuit, is whether the employee's injury was the result of a risk caused by her employment, regardless of the situs of the actual incident.

In *Stepny*, the Mississippi Supreme Court struggled with the going and coming rule in regard to the "special hazard exception" recognized by *Wallace*, which is similar to the case presented here.  The court cited 1 Larson, Workmen's Compensation Law, § 15.15 at 4-42 (1978), with approval where Professor Larson attempts to reconcile the "arising out of" and "in the course of" concepts in conjunction with the "special hazards" exception.  The Professor stated:

> Claimant has been subjected to a particular risk because of his employment, the risk of crossing certain railway tracks near the plant entrance, for example. Since it is so obvious that a causal relation exists between the work and the hazard, the always-ill-fitting course of employment concept has got to be stretched at least far enough to prevent the injustice of denying compensation for an injury admittedly caused by the employment.

*Stepny*, 416 So.2d at 966-67.

In the case *sub judice*, the critical question is what is the plaintiff alleging to be the causative agent of her injuries?  An analysis of her Complaint reveals that, as the defendant argues, she contends that the defendant's ignoring of the curfew and forcing her to work late created the risk of injury which she ultimately suffered.  As such, her allegations of injuries arose out of her employment with the defendant and are compensable under the Mississippi Workers' Compensation Act, which is her exclusive remedy.

7

## WORKERS' COMPENSATION CLAIM

The plaintiff contends that the defendant has, in essence, denied that her alleged injuries are compensable under the MWCA by virtue of the filings before the Commission.  In fact, the Commission has a pending claim regarding the plaintiff's accident which is the subject of this lawsuit.   The plaintiff erroneously asserts that the defendant, by filing a Commission Form B-52, has "in essence . . . denied that [her] injuries occurred in the course and scope of plaintiff's employment."  In fact, however, the record reveals that The Pantry has stated that it does not, and has not, disputed whether Cookmeyer's accident, if it occurred as her Complaint alleges, would fall within the course and scope of her employment and would be compensable.  There is no evidence that The Pantry has ever denied her workers' compensation claim.

The defendant filed a First Report of Injury immediately upon receipt of notice of the plaintiff's claim.  The defendant asserts that since no benefits were paid and none were requested by either Cookmeyer or any physician within fourteen days of the date of the accident, a Form B-52 was filed to comply with the reporting mandates of the Act. The Form B-52 states that Cookmeyer's claim was under investigation, having just been reported.

A review of the Commission's file reflects there has been no denial of compensability of the claim in any manner.  The defendant is correct in its argument that informing the Commission that Cookmeyer's reported claim was under investigation was not a denial by The Pantry.   Further, even though irrelevant to the jurisdictional issue before the court, the plaintiff's Response states that she has not received any workers' compensation payments for her injury.  However, the record reveals that the plaintiff has never made any request for benefits or provided any

8

corroborating medical evidence to support any such claim.

IT IS THEREFORE ORDERED AND ADJUDGED that the defendant's Motion to Dismiss **[#2]** is Granted and that the plaintiff's Complaint is dismissed with prejudice and that all other pending motions are denied as moot.  A separate judgement will be entered in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 15th day of February, 2008..

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE